UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**HEATHER RUE FKA HEATHER ROBERTS,**
288 Freese Rd
Oxford, PA 19363

Plaintiff,

Case No. 26-cv-1105

vs.

**STANDARD INSURANCE COMPANY,**
301 S. Bedford Street, Suite 1
Madison, WI 53703

Defendant.

---

# COMPLAINT

---

The Plaintiff, Heather Rue, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Pennsylvania and currently resides in Oxford, Pennsylvania. When she became Disabled, she resided in Saint Croix Falls, Wisconsin.

2. Defendant, Standard Insurance Company, on information and belief is a corporation organized under the laws of Oregon, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Kwik Trip, Inc. ("the Plan"), an employee welfare

benefit plan subject to ERISA as amended, that has been in effect since at least January 1, 2020 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former software quality assurance analyst for Kwik Trip, Inc.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability (LTD) coverage provided by the Plan.

10. Plaintiff ceased working on or about August 6, 2025 due to Bipolar II disorder.

11. Plaintiff applied for short-term disability benefits with Defendant.

12. Defendant approved Plaintiff's claim for short-term disability benefits through the maximum benefit period.

13. Plaintiff subsequently applied for LTD benefits with Defendant.

14. Defendant denied Plaintiff's claim for LTD benefits in the entirety.

15. Plaintiff's LTD benefit is worth approximately $2,850 per month.

16. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

17. Defendant was responsible for paying Plaintiff's LTD benefits.

18. Defendant denied Plaintiff's LTD benefits claim initially by letter dated March 25, 2026.

19. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

20. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

21. Plaintiff submitted all information requested by the Defendant.

22. Plaintiff timely appealed Defendant's denial by letter dated August 24, 2026.

23. Defendant issued a final denial in Defendant's claim by letter dated October 22, 2026.

24. Defendant failed to consider the issues raised in Plaintiff's appeal.

25. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

26. Defendant did not perform a "full and fair review" of Plaintiff's claim.

27. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

28. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file, including the opinions of Plaintiff's treating providers.

29. Defendant failed to engage in a meaningful dialogue with Plaintiff.

30. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

31. Defendant conducted a selective review of Plaintiff's medical records.

32. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

33. At all times material to this case, the Plan has remained in full force and effect.

34. Defendant's denial of Plaintiff's claim for LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA**

35. The preceding paragraphs are reincorporated by reference as though set forth here in full.

36. Plaintiff has been and remains disabled, as that term is defined by the Plan.

37. Defendant's decision to deny Plaintiff's benefits was incorrect, as well as arbitrary and capricious.

38. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

39. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

40. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

41. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

42. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Heather Rue, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: November 12, 2026.

By: *__/s/ Naomi R. Swain__*
Naomi R. Swain, WI State Bar No. 1115655
Attorney for Plaintiff, Heather Rue
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Email: nswain@hq-law.com